Richard Llewelyn Jones, WSBA No. 12904
KOVAC & JONES, PLLC
1750 112th Avenue N.E., Suite D-151
Bellevue, WA 98004
Telephone (425) 462-7322
Facsimile (425) 450-0249
rlj@kovacandjones.com

The Honorable Christopher M. Alston
Chapter 11
Hearing Date: 6/20/17

## IN THE UNITED STATES BANKTRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

*In Re:*

BEN H. McINDOE,

           Debtor,

**Bankruptcy No. 15-17388-CMA**

**MEMORANDUM OF AUTHORITIES
ON MOTION FOR DISGORGEMENT
AND DISALLOWANCE OF FEES**

    **COMES NOW** Special Counsel, Richard Llewelyn Jones of KOVAC & JONES, PLLC, (hereinafter "Special Counsel") and in response to the Motion of the United States Trustee for disgorgement and disallowance of attorney's fees of March 31, 2017 (Dkt. 98) and in supplement to the authority presented to the Court in the Special Counsel's previous response (Dkt. 105) hereby offers the following.

### I.    STATEMENT OF FACTS

    On April 1, 2014, the Debtor, BEN H. McINDOE, and his wife, CHARITI McINDOE (hereinafter "Ms. McIndoe"), retained Special Counsel to pursue an FFA Mediation pursuant to *RCW 61.24.163.* See D-1. This Mediation involved the Debtor's and Ms. McIndoe's primary residence located at 6928 – 38th Ave., S.W., Seattle, WA (hereinafter "primary residence"). The Debtor and Ms. McIndoe paid the flat fee retainer with funds from a joint account at Bank of

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES  - Page 1

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

Case 15-17388-CMA    Doc 147    Filed 06/15/17    Ent. 06/15/17 16:16:35    Pg. 1 of 15

America. See D-2. The necessity for the Mediation is set forth in the Debtor's Hardship Letter of June 12, 2014. See D-3.

Pursuant to *RCW 61.24.163,* the Debtor and Ms. McIndoe provided Special Counsel a number of documents to support their request for a modification of the loan on their primary residence. Included statutorily required materials included bank statements from their joint bank accounts with The Commerce Bank and Bank of America (D-4) and Debtor's and Ms. McIndoe's 2011 and 2012 Tax Returns (D-5 and D-6). It is significant to note that (1) the joint bank accounts are different than the account from which Special Counsel was paid post-petition; and (2) the Tax Returns reveal that the Debtor received no income during the 2011-2012 tax years and do not appear to reveal any rent income from the Debtor's separate real property located at 5434 – 35th Ave., S.W., Seattle, WA (hereinafter "rental property"), during that same period of time.

On July 20, 2015, the Debtor and Ms. McIndoe retained Special Counsel to represent their interests in connection with threatened foreclosure of the rental property. See D-7.

On September 2, 2015, Special Counsel on Debtor's behalf, filed a Complaint under King County Superior Court Case No. 15-2-21633-3. See D-22.

This bankruptcy action was commenced by the Debtor's filing a voluntary Chapter 11 petition on December 21, 2015.

On February 2, 2016, an Order was entered employing the undersigned as special counsel for the Debtor. Dkt. 19.

On May 31, 2016, the City of Seattle filed suit against the Debtor and Ms. McIndoe for zoning code violations, seeking remediation against the rental property, under Seattle Municipal Court Case No. 16-025. See D-20. Special Counsel appeared in that action on behalf of both the Debtor and Ms. McIndoe.

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

Between February 15, 2016 and March 6, 2017, Special Counsel received periodic payment for his services pursuant to his Retainer Agreement of July 20, 2015 from two sources: (1) Ms. McIndoe; and (2) Amigos Financial – neither debtors in this matter.  D-23 and D-24.

On February 15, 2017, after consultation with the Debtor's bankruptcy counsel, LARRY FEINSTEIN, Special Counsel filed a Disclosure of Compensation, in substantial compliance with the provisions of *11 USC § 329*, indicating that all payments received by counsel during the pendency of this bankruptcy had come from the income and assets of Ms. McIndoe.  Dkt. 72.  This Disclosure of Compensation was based on information Special Counsel received from Ms. McIndoe on February 11, 2017, and verified by Ms. McIndoe's Declaration of February 17, 2017.  Dkt. 82.  See D-29.

Subsequent to the filing of Ms. McIndoe's Declaration of February 17, 2017, Ms. McIndoe filed a Supplemental Declaration on or about March 20, 2017 in which she states that of "the total paid to Mr. Jones [post-petition], $4500 was paid from the account of Amigos Financial, LLC, and the remainder paid from our BECU accounts."[1]  Dkt. 92.

On March 21, 2017, Special Counsel filed Notices of Withdrawal in both the King County Superior Court, which was now before the Court of Appeals, Division I, and Seattle Municipal Court cases.  See D-15 and D-21.  Briefing in the King County Superior Court/Court of Appeals case was due on or about April 24, 2017.  No action was then pending in the Seattle Municipal Court matter.

---

[1]     Neither Ms. McIndoe nor Amigos Financial, LLC are debtors in this matter.  In an abundance of caution, Special Counsel has deposited the sum of $4,500.00 into his trust account, but does not believe the source of these funds are from the Debtor or funds of the estate, as defined by *11 USC §541* and *11 USC § 1115*. Moreover, there is no basis to hold that $4,500 Special Counsel was paid from the account of Amigos Financial, LLC is an asset of the estate.  The Debtor testified that the source of the funds were payment of a pre-petition loan for which there is no paperwork.  See D-30, pg. 43, lines 20-25; page 44, lines 1-25.  These funds, owed/loaned by or to Amigos Financial, LLC are not property of the current Chapter 7 estate under *11 USC §541*.

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISORGEMENT AND DISALLOWANCE OF FEES  - Page 3

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

On March 28, 2017, Special Counsel filed and served a Motion for Interim Fees, pursuant to *11 USC § 330,* seeking approval of fees incurred pre-petition and post-petition and out-standing fees in the amount of $28,272.46. Dkt. 93. See D-23.

On March 31, 2017, the U.S. Trustee moved the Court for disgorgement and disallowance of the fees requested by Special Counsel, arguing that the assets of the Debtor, Ms. McIndoe and Amigos Financial, LLC were community in nature because they have been so comingled as to make them assets of the bankruptcy estate, within the terms of *11 USC §541* and *11 USC § 1115.* Dkt. 98.

On April 6, 2017, Special Counsel transferred all of Debtor's and Ms. McIndoe's files to Patrick Brick, who represented he was handling Debtor's and Ms. McIndoe's affairs. See D-16.

On April 7, 2017, Special Counsel filed a Motion to Extension of Time to file Debtor's Initial Brief. See D-17. Although the Motion was denied, the Court re-set the date for filing Debtor's Initial Brief for May 24, 2017.

On May 1, 2017, this Court converted Debtor's Chapter 11 case to a case under Chapter 7. Dkt. 110. See D-18.

On May 19, 2017, five days before the Initial Brief was due, the Court entered an Order presented by Mr. Ed. Wood, abandoning the King County Superior Court/Court of Appeals action. Dkt. 139. See D-19.

On May 12, 2017, the Court entered an Order setting an evidentiary hearing on Special Counsel's Motion for Interim Fees and the U.S. Trustee's Motion for Disgorgement. Dkt. 121. To assist the Court, Special Counsel offers the following.

## II.    STATEMENT OF LAW AND ANALYSIS

Special Counsel specifically incorporates herein the legal authority and analysis provided in his initial response to the U.S. Trustee's Motion for Disgorgement. Dkt. 105.

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES  - Page 4

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

Case 15-17388-CMA    Doc 147    Filed 06/15/17    Ent. 06/15/17 16:16:35    Pg. 4 of 15

## A. **Standing to Prosecute.**

Pursuant to *28 USC § 586 (a)(2)*, the U.S. Trustee performs the duties "of a trustee in a case under title 11." The U.S. Trustee has so performed in this case in connection with its Motion to Disgorge. See *11 USC §1104*.

However, at the time this matter was converted from a Chapter 11 case to a Chapter 7 case on May 1, 2017 (Dkt. 110), the U.S. Trustee's services were immediately terminated. *11 USC § 348(e)*. Therefore, the U.S. Trustee no longer has standing to prosecute its Motion to Disgorge. This is in accord with *Harris v. Viegelahn*, ___ U.S. ___, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015) (hereinafter "*Harris*") and *In re Markosian*, 506 B.R. 273 (9th Cir. BAP 2014) (hereinafter "*Markosian*").

Subsequent to conversion on May 1, 2017, Ed Wood, was appointed to act as trustee for the Chapter 7 estate – not the U.S. Trustee, and Mr. Wood has not assumed prosecution of the claims that were lodged against the Special Counsel by the U.S. Trustee as of this date. Indeed, Mr. Wood is not a party to these proceedings, has no intervened on behalf of the Chapter 7 estate and has appeared to abandon the claims now being prosecuted by the U.S. Trustee. See D-19

Moreover, there is doubt that these claims are now assets of the estate. Citing *11 USC 348(e)*, which addresses conversion of both Chapter 11 and Chapter 13 cases, the *Harris* court held that assets and claims that may be held by the trustee at the point of conversion revert back to the debtor. *Harris*, at pg. 11. Indeed, based on its reading of *11 USC 348(e)*, the *Harris* court ruled that undistributed post-petition wages must be returned to the debtor. *Id.* There is no logical distinction between post-petition wages, which the *Harris* court specifically addressed, and claims now lodged against the Special Counsel. *11 USC § 348* addresses various potential assets and is not limited to wages.

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

Likewise, in *Markosian*, the BAP for the 9th Cir. held that "by operation of §348(a), personal service income that came into Debtor's chapter 11 estate is re-characterized as property of the debtor under §541(a)(6) when the case is converted to chapter 7. Accordingly, upon conversion, the bonus reverted to Debtors." Thus, the Harris reasoning is applied to both Chapter 13 and Chapter 11 conversion to Chapter 7.

While there is no dispute that under *11 USC § 541(3)*, claims under *11 USC § 329* are included in a Chapter 7 estate upon conversion, the claims are held by either the debtor or arguably by the trustee appointed under Chapter 7, Mr. Ed Wood – but not the U.S. Trustee. Accordingly, the U.S. Trustee's Motion for Disgorgement should be dismissed.

**B.** **Claims and Assets Acquired Subsequent to Filing**.

Conversion of a Chapter 11 to a Chapter 7 case does not change "the date of filing of the petition, the commencement of the case or the order for relief." *11 USC § 348(a)*. In this case, the operative date would be December 21, 2015. However, conversion may change the character and rights to assets and property at the time of conversion. See *Harris* and *Markosian*.

Under *11 USC § 541(a)(2)*, the property of the estate includes "all interest of the debtor and the debtor's spouse in community property as of the commencement of the case." Thus, Ms. McIndoe's post-petition wages do not appear to be part of the current Chapter 7 estate. It is from these wages that the Special Counsel was primarily paid. See D-24. As noted in *Harris*, there is "nothing in the Code denying debtors funds that would have been theirs has the case proceeded under Chapter 7 from the start."

Moreover, under *11 USC § 541(a)(6)*, the Debtor's post-petition "earnings for services performed" are also excluded. This would appear to include income derived from the Debtor's services and interest in Amigos Financial.

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

Therefore, the source of funds offered in payment of the Special Counsel's services do not appear to be assets of the current Chapter 7 estate. However, as noted above, claims under *11 USC § 329(b)* would be included as an asset of the estate "if the compensation exceeds the reasonable value of any such services." This is the central issue before the Court on the Special Counsel's Motion for Interim Fees.

**C.** **Application to Hire Special Counsel**

Special Counsel was employed by the Court on February 2, 2016. Dkt. 19. The application was prepared by Debtor's bankruptcy counsel, Larry Feinstein, with input from Special Counsel. Dkt. 17; See D-31, pg. 9, lines 6-9. The Court and the U.S. Trustee knew from the application (Dkt. 17) that litigation to preserve an asset of the estate was on-going in the King County Superior that could not effectively be ignored for two months without prejudice to the Debtor and Ms. McIndoe. These services included, *inter alia*, communication with Debtor's bankruptcy counsel, preparing a Notice of Pendency of Bankruptcy, seeking a discontinuance of a pending trustee's sale, addressed a Motion to Dismiss the Debtor's claims filed in the state court action, and prepared a Notice of Removal of the state court action to the bankruptcy court. See D-23. The fees incurred from date of Petition to the Court's Order employing Special Counsel should be considered, *nunc pro tunc*, as necessary, reasonable and appropriate to avoid unjust enrichment, regardless of whether the Order employing Special Counsel provided it or not.

Furthermore, the application to employ Special Counsel was prepared by Debtor's bankruptcy counsel, Larry Feinstein, who had no way of knowing what sort of additional provisions would be needed to effectively prosecute the Debtor's claims, including looking to Ms. McIndoe for payment of fees in the absence of any income from the Debtor, etc. However, it became apparent that the Debtor had no income and Special Counsel did look to Ms. McIndoe for compensation, with which the Debtor clearly consented.

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES - Page 7

KOVAC & JONES, PLLC

ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

**D.** **Court Approval of Fees under _11 USC §330_ and _11 USC §331_.**

While Special Counsel acknowledges he must seek approval for accepting fees under _11 USC §330_ and _11 USC §331_, he reasonably believed these provisions applied to application for payment of fees from the Debtor, rather than payments made by his non-debtor spouse from her real estate commissions or other third-parties. This was confirmed in conversations with Debtor's bankruptcy counsel, Larry Feinstein. See D-31, pg. 12, line 25, through pg. 13, line 14; pg. 15, line 2 through pg. 21, line 5. Indeed, it was Special Counsel's understanding that all post-petition funds during the received came non-estate assets – specifically Ms. McIndoe's real estate commissions. See Dkt. 82; D-29. To the extent that Special Counsel received no compensation from the Debtor or property of the current Chapter 7 estate, there was a reasonable belief on the part of the Special Counsel that there was no violation of _11 USC §330_ or _11 USC §331_ in accepting fee payments from Ms. McIndoe and Amigos Financial. At no time has Special Counsel acted in bad faith or taken any action to prejudice the Debtor's claims or interest or prejudiced the interest of the Debtor's creditors.

**E.** **Disclosure of Fees and Costs.**

The U.S. Trustee falsely alleges in its Motion to Disgorge that Special Counsel's Motion for Interim Fees (Dkt 93) fails to disclose receipt of "over $44,000 in payments." This is patently false and a willful mischaracterization of the information provided the Court. Under _RPC 1.4(3),_ Special Counsel had a professional obligation to keep the Debtor and Ms. McIndoe "reasonably informed about the status of the matter", which was accomplished, in part, through providing the Debtor and Ms. McIndoe monthly billing statements. See D-23 that provides the Court billing statements reflecting services rendered from February 28, 2014 to March 14, 2017, a period of time that spans ten months prior to filing to the present. The Court has before it all services provided Debtor and his wife since Special Counsel's retainer in 2014.

KOVAC & JONES, PLLC
**ATTORNEYS AT LAW**
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

### F. Compliance with *11 USC §329.*

As noted above, Special Counsel was retained by this Court on February 2, 2016. Dkt. 19. Approximately one year later, Special Counsel filed a Disclosure of Compensation on February 17, 2017, in substantial compliance with the provisions of *11 USC § 329*, advising the Court that he had received $39,009.00 in legal fees for services rendered Debtor and Ms. McIndoe from her separate funds – not assets of the estate. This has been Special Counsel's practice in a number of matters before this Court, as evidenced by the dockets in *In re Reinke* and *In re Meyer.* See D-25, D-26, D-27 and D-28. In *In re Reinke*, Special Counsel never filed a Disclosure of Compensation and never suffered an objection by opposing counsel or the Court. See D-25 and D-26. In *In re Meyer*, Special Counsel filed his first Disclosure of Compensation on March 18, 2017 (Dkt. 65), approximately four years after the client filed for relief under Chapter 13 and five months after being appointed Special Counsel, without objection by opposing counsel or the Court. D-27 and D-28. In *In re Stafford*, Special Counsel never filed a Disclosure of Compensation and never suffered an objection by opposing counsel, the Chapter 7 Trustee or the Court. P-14. Based on prior experiences with this Court, Special Counsel did not file a Disclosure of Compensation in the manner proscribed by *11 USC § 329*, but did file one in a seasonably timely fashion as he had done in the *In re Meyer* matter.

The U.S. Trustee's allegations to the contrary notwithstanding, Special Counsel is not a regular bankruptcy practitioner and hasn't filed a petition for relief under the Bankruptcy Code for almost twenty years. Rather, Special Counsel has been retained to represent homeowners who have suffered wrongful foreclosures at the hands of unscrupulous mortgage lenders. E.g. *In re Meyer*, 506 B.R. 533 (2014). As such, Special Counsel relies on bankruptcy counsel, which in this case was Larry Feinstein, for general compliance with the Bankruptcy Code, which he has done from time to time in this matter. See D-31, pg. 10, line 15 through pg. 11, line 7. There was clearly no intentional attempt to avoid review by this Court. When Mr. Feinstein advised Special Counsel a

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES - Page 9

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

Disclosure of Compensation report was needed, Special Counsel prepared and filed one. The Disclosure of Compensation was true and correct to the best Special Counsel understood the circumstance, based on consultation with Mr. Feinstein. See D-31.

### G.     Representation of Ms. McIndoe

Under Washington law, Special Counsel did not need a separate written retainer agreement to represent Ms. McIndoe's interests. *RPC 1.5* (only contingent fee agreements, agreements for a division of labor between lawyers of different firms and fees paid in advance of performance must be in writing). The fact that Special Counsel's representation of Ms. McIndoe is not addressed in Special Counsel's application to appoint the undersigned as special counsel is not surprising in view of the fact that Ms. McIndoe is not a debtor in this matter and never has been. Therefore, the U.S. Trustee's assertion that Ms. McIndoe has never separately engaged Special Counsel is misleading, given the Debtor's testimony and the facts surrounding Special Counsel's appointment. See D-30, pg. 33, lines 6-25, pg. 34, lines 1-2. Special Counsel was already representing Ms. McIndoe at the time the Debtor filed his petition for relief. At no time during the deposition did Ms. McIndoe deny Special Counsel represented her interests, together with her husband's, especially with regard to the Seattle Municipal Court matter. D-20.

### H.     Character of BECU and Wells Fargo Accounts

Although at deposition the Debtor testified the BECU account into which rent and the insurance payment made in February, 2016 was community in nature, the check stock indicated otherwise. Special Counsel received payments from only three sources: (1) a BECU credit card on what appears to be Ms. McIndoe's account that the Debtor presumably had signature rights on; (2) checks on BECU bank account that has only Ms. McIndoe's name printed on the face of the check stock; and (3) checks on Amigos Financial, LLC's Wells Fargo Account. None of these forms of payment suggested the Debtor's interest in any of these accounts beyond his apparent signature

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES  - Page 10

KOVAC & JONES, PLLC

ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

authority or would have alerted Special Counsel that the funds paid were property of the current estate. Indeed, Ms. McIndoe has indicated otherwise and testified that the bulk, if not all, of the funds paid to Special Counsel came from her efforts and her efforts alone. Dkt. 82; Dkt. 92; D-30, pg. 42, lines 6-25.

Indeed, given the foregoing, the Debtor's deposition testimony is misleading. Neither the Debtor nor Ms. McIndoe acknowledge The Commerce Bank or the Bank of America accounts in their deposition testimony. D-4 and D-30. The Debtor and Ms. McIndoe represented that they had only two joint accounts with The Commerce Bank or the Bank of America at the time Special Counsel represented their interests in connection with their FFA Mediation efforts to refinance their primary residence. At no time during the FFA Mediation did Ms. McIndoe's identify separate business account with BECU as either a joint or separate account. Compare D-4 with D-24. But, each of the post-petition checks received by Special Counsel did not identify the Debtor as the account holder or the party from whom the funds were obtained. It is not the practice of the undersigned to demand signature cards from client's financial institutions to verify the source of the funds or authority to utilize the accounts and there is Court Rule or case law that imposes such a duty on counsel. It appears the U.S. Trustee is attempting to impose such an affirmative duty where none exists.

Based on the information Special Counsel had through the course of his prior representation of the Debtor and Ms. McIndoe, he did not knowingly attempt to seek payment of fees and costs from assets of the estate and would have had no way of knowing such was occurring given the manner of payment. At no time did either the Debtor or Ms. McIndoe indicate that BECU bank account was a joint account or otherwise indicate it was anything other than it appeared to be: Ms. McIndoe's separate business account.

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES  - Page 11

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

Case 15-17388-CMA   Doc 147   Filed 06/15/17   Ent. 06/15/17 16:16:35   Pg. 11 of 15

**I.  Payment of Sanctions**

The U.S. Trustee alleges that Special Counsel demanded the Debtor pay terms assessed by the trial court on or about October 7, 2016 and suggests that the sum of $1,954.50 paid by Ms. McIndoe on February 3, 2017 was made to pay the terms assessed. The U.S. Trustee's allegations are totally false and misrepresent the truth. The $1,954.50 referred to by the U.S. Trustee was paid into trust to cover the cost of preparing and transmitting Clerk's Papers to the Court of Appeals, to preserve the Debtor's claims on appeal, as is evidenced by the Invoice and Special Counsel's trust check in the amount of $1,954.50 of February 7, 2017. D-12 and D-13. The Orders assessing the sanctions were referred to in the Notice of Appeal, filed on November 23, 2016. D-11.

The Debtor has neither been charged for the terms assessed by the trial court, paid for the terms assessed nor will he be so charged. In fact, Special Counsel paid the terms on December 19, 2016 into the King County Court Registry. D-10. The notation in Special Counsel's Invoice of February 2, 2017 in the amount of $1,736.56 is not for services or costs. D-23. It was merely a journal entry as to the amount assessed by the trial court for a continuance of the mortgage lender's summary judgment – which ultimately benefited the Debtor and his estate. If the terms assessed by the trial court were inadvertently added to the Debtor's bill, as they appear to be, they should be deducted from Special Counsel's request of Interim Fees.

**J.  Alleged Professional Negligence**

At hearing on April 28, 2017, the Court suggested that by withdrawing from Debtor's representation, Special Counsel had committed professional negligence.

First, testimony at hearing will establish that Special Counsel had cause to withdraw. See *RPC 1.6* and *RPC 3.3*.

Second, the Court suggested that Special Counsel's withdrawal may have prejudiced the Debtor's claims in the King County Superior Court/Court of Appeals action. However, Special

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES  - Page 12

KOVAC & JONES, PLLC

ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 482-7322

Counsel did everything in his power to preserve the Debtor's claims, including the timely transfer of the Debtor's and Ms. McIndoe's files to Patrick Brick (D-16) and the filing of a Request for 60-day Extension of the Time to File Debtor's Initial Brief (D-17). Although Special Counsel Motion was denied by the Court of Appeals, the April 24, 2017 dead-line was moved to May 24, 2017, more than enough time to file an initial brief. However, the Chapter 7 trustee did not file a brief on behalf of the Debtor on May 24, 2017, but abandoned the claims apparently believing them to be unmeritorious or valueless. Dkt. 139; D-19. In any event, the Chapter 7 trustee's abandonment had nothing to do with the proximity the date the briefing was due. The Chapter 7 trustee's abandonment constitutes a superseding proximate cause to any damage the Debtor and Ms. McIndoe may suffer as a result of Special Counsel's withdrawal. Indeed, even if Special Counsel had not withdrawn, the Chapter 7 trustee could have abandoned the King County Superior Court/Court of Appeals claims with the same predictable result: loss of the rental property.

Given the Chapter 7 trustee's abandonment of the Debtor's King County Superior Court/Court of Appeals claims, there is no basis in law or fact to accuse Special Counsel of professional negligence.

### III    CONCLUSION

There is no basis in law or fact to order Special Counsel to disgorge funds he has received from Ms. McIndoe. The U.S. Trustee no longer has standing to seek disgorgement on behalf of the Debtor's Chapter 11 estate. See *Harris* and *Markosian*.

At all times relevant to this cause of action, Special Counsel was focused on the litigation he was retained to prosecute: the King County Superior Court/Court of Appeals action and the Seattle Municipal Court action. The procedural matters related to the Debtor's bankruptcy were handled by Mr. Feinstein, on whom Special Counsel reasonably relied. Special Counsel handled this matter in

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES  - Page 13

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

similar fashion to others he had previously handled without complaint from either opposing counsel, the U.S. Trustee or the Court.

Special Counsel did not knowingly attempt to thwart the Bankruptcy Rules to demand of the Debtor payment of funds from the Chapter 11 estate to cover his fees and the Debtor's and Ms. McIndoe's costs. Special Counsel was aware from his representation of the Debtor and Ms. McIndoe in the FAA Mediation that the couple had two joint accounts: one with The Commerce Bank and Bank of America. D-4. So, when Special Counsel was presented with payment by check with only Ms. McIndoe's name printed on it and on an account that had not been previously revealed to Special Counsel, Special Counsel reasonably inferred that the funds were not coming from a joint account, but from Ms. McIndoe's separate funds. Moreover, payment from Amigos Financial was likewise free of suspicion, as the Debtor had represented he no income, which suggested the Amigos Financial payments were from pre-petition services, loans or funds passed through the account from Ms. McIndoe. In any event, the source of these funds may be moot, given the conversion of Debtor's Chapter 11 to a Chapter 7.

Simply put, there has been no deliberate attempt to violate any Bankruptcy Rule or Bankruptcy Code provision and no bad faith. Certainly, no party or creditor have been prejudiced. Accordingly, the U.S. Trustee's Motion for Disgorgement should be denied.

As to fees and costs that Special Counsel requests this Court confirm and allow, they are reasonable in value given: (1) the time and labor required, the difficulty of the questions involved, the emergence of the case law applicable to the facts of the Debtor's and Ms. McIndoe's claims; (2) the fees customarily charged in the Seattle/King County locality; (3) the time limitations imposed by the circumstances; (4) the length of the professional relationship with the Debtor and Ms. McIndoe;

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES - Page 14

KOVAC & JONES, PLLC
ATTORNEYS AT LAW
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322

Case 15-17388-CMA   Doc 147   Filed 06/15/17   Ent. 06/15/17 16:16:35   Pg. 14 of 15

(5) the experience, reputation and ability of the lawyer performing the services;[2] and (6) the reasonable and fair disclosure of the material elements of the services for which fees would be charged.

In sum, Special Counsel requests the U.S. Trustee's Motion for Disgorgement be dismissed and that his fees and costs be confirmed and allowed, despite apparent procedural irregularities.

**RESPECTFULLY SUBMITTED** this _15th_ day of June, 2017.

**KOVAC & JONES, PLLC**

Richard Llewelyn Jones, WSBA# 12904
Special Counsel

---

[2]        See *Bain v. Metropolitan Mortgage Group*, 175 Wn.2d 83, 285 P.3d 34 (2012); *Frias v. Asset Foreclosure Services, Inc.*, 181 Wn.2d 412, 334 P.3d 529 (2014); *Trujillo v. NWTS*, 183 Wn.2d 820, 355 P.3d 1100 (2015); *Walker v. QLS*, 176 Wn.App. 294, 308 P.3d 716 (2013); *Bavand v. OneWest*, 176 Wn.App. 475, 309 P.3d 636 (2013); and *In re Meyer*, 506 B.R. 533 (2014).

MEMORANDUM OF AUTHORITIES ON MOTION FOR
DISGORGEMENT AND DISALLOWANCE OF FEES  - Page 15

KOVAC & JONES, PLLC
**ATTORNEYS AT LAW**
1750 – 112th Avenue N.E.
Suite D-151
Bellevue, Washington 98004
(425) 462-7322