Honorable Christopher M. Alston
Chapter 11
Hearing Date: June 20, 2017
Hearing Time: 9:30 a.m.
Reply Brief Due Date: June 19, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-17388 |
| Ben H. McIndoe, | ) ) | |
| | ) ) | UNITED STATES TRUSTEE'S REPLY BRIEF FOR EVIDENTIARY HEARING |
| Debtor. | ) ) ) | ON DISGORGEMENT AND SANCTIONS |

The United States Trustee hereby files a reply to the Memorandum of Authorities on Motion for Disgorgement and Disallowance of Fees (the "Memorandum") filed by special counsel Richard L. Jones of Kovac & Jones, PLLC ("Jones") relating to the United States Trustee's motion requesting that the Court order Jones to disgorge approximately $44,000 in fees and costs received for services rendered to debtor Ben H. McIndoe during the above-captioned case and disallow all fees and costs that have not yet been paid (the "Motion").

A. <u>Standing.</u>

Misunderstanding the role and authority of the United States Trustee in the bankruptcy process, Jones argues that the United States Trustee has no standing to pursue the Motion after conversion from chapter 11 to chapter 7. The Motion requests disgorgement and disallowance of fees under statutory authority and under the Court's inherent power. The United States Trustee brought Motion, and continues to prosecute the Motion, under its authority to supervise the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3), and its right to appear and be heard on any issue in any case or proceeding under title 11 as set forth in 11 U.S.C. § 307.

UNITED STATES TRUSTEE'S REPLY BRIEF - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Jones further argues that the claims asserted against him in the Motion might not be assets of the chapter 7 estate, citing *Harris v. Viegelahn*, __ U.S. __, 135 S.Ct. 1829 (2015), and *In re Markosian*, 506 B.R. 273 (9th Cir. BAP 2014). Both cases are inapposite and irrelevant to the Motion.

*Harris* dealt specifically, and narrowly, with whether a chapter 13 trustee holding a debtor's post-petition earnings must give the money to the chapter 7 trustee or the debtor upon conversion to chapter 7. The *Harris* court does not mention conversion from chapter 11 to chapter 7, and it relied specifically on § 348(f) – which only applies in the chapter 13 context.

*Markosian* did involve a chapter 11 conversion to chapter 7. There, the debtor converted from chapter 7 to chapter 11, and then reconverted to chapter 7. The debtors wanted to keep a bonus earned while in the chapter 11, which was received after the reconversion and turned over to the chapter 7 trustee. The court gave the money to the debtor focusing on § 541(a)(6)'s exclusion of a debtor's post-petition earnings from a chapter 7 estate. In reaching its conclusion, the court found that while § 1115(a)(2) adds a debtor's postpetition earnings to property of the chapter 11 estate, that section no longer applies once conversion occurs because § 348(a) states that the date of the petition remains unchanged upon conversion.

Nothing in *Harris* or *Markosian* precludes granting the relief sought in the Motion. Unlike those cases, there are no postpetition "earnings from services" being fought over by a debtor and a chapter 7 trustee. Here, the issue is whether postpetition violations of statutory and ethical duties by Jones justify disgorgement and disallowance of fees, and if so, to what extent. Apparently Jones believes that the conversion somehow absolves him of any liability for his actions during the chapter 11. That is not true, and would be an unconscionable result. What is or is not property of the chapter 7 estate upon conversion is simply irrelevant. The United States Trustee has standing to continue prosecuting the Motion under its broad statutory authority and the Court has the right to invoke its inherent authority to correct bad faith conduct by Jones.

UNITED STATES TRUSTEE'S REPLY BRIEF - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-17388-CMA    Doc 155    Filed 06/19/17    Ent. 06/19/17 14:06:56    Pg. 2 of 4

B. <u>Other Issues.</u>

Jones raises several other issues, or makes assertions, that require a response as set forth below:

Jones alleges that Larry Feinstein told him that he did not have to apply for fees being paid by a third party. Memorandum, p.8, ll.2-5. That mischaracterizes Mr. Feinstein's testimony. Mr. Feinstein never testifies that he told Jones, in this case, that Jones could take money from a third party and not seek allowance of fees. Granted, that does seem to be Mr. Feinstein's general belief – but the corollary is Mr. Feinstein's belief that when you do that you must disclose receipt of the payment(s) under Rule 2016(b). See Exhibit D-3, p.13 ll.20-25; p.14 ll. 3-6; p.27 ll.6-25; p.28 ll.1-2. None of the 22 payments received by Jones postpetition that he asserts were solely from Mrs. McIndoe were not disclosed in compliance with Rule 2016(b).

Jones alleges that the filing of his one and only Disclosure of Compensation is "in substantial compliance with the provisions of 11 U.S.C. § 329." Memorandum, p.9, ll.3-5. To support that inaccurate and incredible argument Jones cites the fact that he has knowingly violated Rule 2016(b) in other cases as a matter of course and never received an objection. Far from justifying his actions in this case, Jones' admission calls out for harsher sanctions to stop his systematic abuse of the Bankruptcy Code's disclosure requirements.

Jones blames Mr. Feinstein for deficiencies in his employment pleadings. Memorandum, p.7 ll.6-7, 17-22. It was Jones who signed his employment declaration, not Mr. Feinstein. And it was Jones who knew at the time he signed it that 1) he was a prepetition creditor; and 2) he

/ / /

/ / /

/ / /

/ / /

UNITED STATES TRUSTEE'S REPLY BRIEF - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-17388-CMA    Doc 155    Filed 06/19/17    Ent. 06/19/17 14:06:56    Pg. 3 of 4

intended to seek fees from Mrs. McIndoe. The failure to disclose those material facts falls on Jones alone.

Dated: June 19, 2017

Respectfully submitted,

Gail Brehm Geiger
Acting U.S. Trustee for Region 18

  /s/ Martin L. Smith  
Martin L. Smith, WSBA #24861
Attorney for United States Trustee

UNITED STATES TRUSTEE'S REPLY BRIEF - 4

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-17388-CMA    Doc 155    Filed 06/19/17    Ent. 06/19/17 14:06:56    Pg. 4 of 4