The Honorable Christopher M. Alston
Chapter 7
Hearing Date: November 3, 2017
Hearing Time: 9:30 a.m.
Hearing Location: 700 Stewart St, Seattle, WA
7th Floor, Courtroom 7206
Response Date: October 27, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>BEN HOLMAN McINDOE,<br><br>Debtor. | Case No. 15-17388-CMA<br><br>TRUSTEE'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS |

I. **INTRODUCTION**

Edmund J. Wood, chapter 7 trustee for Ben Holman McIndoe, moves the Court for an order finding Richard L. Jones and Kovac & Jones, PLLC in contempt of the Court's Order for Disgorgement and Disallowance of Attorney's Fees of Special Counsel Richard L. Jones, entered by the Court on August 2, 2017, and for an award of sanctions, as follows.

II. **VENUE; CORE STATUS**

This court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) & (E). This is a core matter under 28 U.S.C. § 157(b)(2)(A) & (E).

III. **PROCEDURAL BACKGROUND**

1. On February 2, 2016, this court entered its Order Granting Application to Hire Richard Jones as Special Counsel for Debtor [Dkt. # 19].

TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS - 1

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 15-17388-CMA    Doc 205    Filed 10/05/17    Ent. 10/05/17 10:49:07    Pg. 1 of 8

2. On March 28, 2017, Richard Jones and Kovac & Jones, PLLC (collectively, "Jones") filed a Motion for Interim Fees [Dkt. # 93]. The hearing on the interim fee application was set for May 19, 2017.

3. On March 31, 2017, the Office of the U.S. Trustee filed its Motion for Disgorgement and Disallowance of Attorney's Fees from Special Counsel Richard L. Jones [Dkt. # 98]. The hearing on the motion for disgorgement and disallowance was set for April 28, 2017.

4. On April 6, 2017, Jones filed its Motion to Withdraw [Dkt. # 104] as McIndoe's special counsel in the chapter 11 bankruptcy. The hearing on the motion to withdraw was set for June 9, 2017.

5. On April 21, 2017, Jones filed its Response to Motion for Disgorgement and Disallowance of Fees [Dkt. # 105].

6. On April 25, 2017, the U.S. Trustee filed its reply in support of the motion for disgorgement [Dkt. # 108].

7. On May 1, 2017, the case was converted to chapter 7 [Dkt. # 110]. Wood was appointed as the chapter 7 trustee on May 2, 2017 [Dkt. # 112], and has acted in that capacity at all times since. Wood Decl. at 1.

8. On May 2, 2017, the U.S. Trustee filed its Objection of United States Trustee to Richard Jones' Motion for Interim Fees [Dkt. # 113].

9. On May 5, 2017, the hearing on the Jones fee application was continued to June 27, 2017. Minute entry dated May 5, 2017.

10. On May 12, 2017, the Court entered its Notice of Evidentiary Hearing and Order Setting Deadlines [Dkt. # 121] on the U.S. Trustee's motion for disgorgement and disallowance of fees and the Jones motion for interim fees.

11. On June 20, 2017, the evidentiary hearing was held and the Court continued the matter to June 27, 2017, for closing arguments. Minute entry dated June 20, 2017.

TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS - 2

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 15-17388-CMA    Doc 205    Filed 10/05/17    Ent. 10/05/17 10:49:07    Pg. 2 of 8

12. On June 27, 2017, the evidentiary hearing was concluded. The Court took the matter under advisement, and scheduled an oral ruling on the matter for July 27, 2017. Minute entries dated June 27, 2017.

13. The oral ruling was held on July 27, 2017, and the Court set forth on the record its findings of fact and conclusions of law [Dkt. # 175].

14. On August 2, 2017, the Court entered its Order for Disgorgement and Disallowance of Attorney's Fees of Special Counsel Richard L. Jones [Dkt. # 175][1] and incorporated the findings of fact and conclusions of law that were made in the oral ruling on July 27, 2017. The order granted the U.S. Trustee's motion for disgorgement and disallowance, disallowed all fees and costs requested in Jones' motion for interim fees, permitted Jones to retain $4,500 received from Amigos Financial LLC, and ordered Jones to disgorge $39,713.99 to the chapter 7 trustee within 21 days of entry of the order.

IV. FACTUAL BACKGROUND

The factual support for this motion is contained in the accompanying declaration of Edmund J. Wood in support of the motion, the declaration of Geoffrey Groshong in support of the motion, and the files and records in this case.

15. Neither Richard L. Jones nor Kovac & Jones, PLLC disgorged the $39,713.99, or any part of it, within 21 days of the order for disgorgement, or August 23, 2017, as they were ordered to do. Wood declaration at 3.

16. On September 25, 2017, by e-mail and first-class mail, counsel for Wood sent a letter to Richard L. Jones and Kovac & Jones, PLLC requesting that he disgorge the sum of $39,713.99 by 4:00 p.m. on September 26, 2017, and advised that if he failed to do so, Wood would seek the aid of the Court in enforcing the order. Groshong declaration at 3.

---

[1] The order uses "Jones" as a defined term so that both Richard L. Jones and Kovac & Jones, PLLC are subject to disgorgement.

TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS - 3

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 15-17388-CMA    Doc 205    Filed 10/05/17    Ent. 10/05/17 10:49:07    Pg. 3 of 8

17. As of October 4, 2017, Wood has not received the $39,713.99, or any part of it. Wood declaration at 4.

V. ISSUES PRESENTED

18. Should the Court enter an order finding Richard L. Jones and Kovac & Jones, PLLC in civil contempt of the Court's Order for Disgorgement and Disallowance of Attorney's Fees of Special Counsel Richard L. Jones [Dkt. # 175] and award sanctions?

VI. DISCUSSION

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure include a rule providing a remedy of civil contempt, though Fed. R. Bankr. P. 9020 provides that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest". The basis for civil contempt motions is found in case law and 11 U.S.C. §105. This motion seeks an order of civil contempt, as the purpose of the order sought is "… to coerce compliance with a court order or to compensate another party for the contemnor's violation …" *Placid Ref. Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube),* 108 F. 3d 609, 612 (5th Cir. 1997). A bankruptcy court has authority under Section 105 to carry out the provisions of the bankruptcy code. *See Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.),* 77 F.3d 278, 284 (9th Cir. 1996); *see also Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1197 (9th Cir. 2003) (holding that Section 105 empowers bankruptcy courts to impose civil but not criminal or punitive sanctions). Another circuit has held that Congress granted bankruptcy courts civil contempt power under §105. *See In re Skinner,* 917 F.2d 444 (10th Cir. 1990).

To hold a debtor in contempt, a bankruptcy court must find that the debtor clearly violated a specific order of the Court. *See Stasz v. Gonzalez (In re Stasz)*, 387 B.R. 271, 276 (9th Cir. BAP 2008), citing with approval *Dyer* at 1191. *Dyer* upheld a contempt order against a creditor for violating the automatic stay of 11 U.S.C. § 362. To hold a debtor's special counsel subject to contempt appears well within the scope of *Dyer* and *Stasz*. As set forth above and in

TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS - 4

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 15-17388-CMA    Doc 205    Filed 10/05/17    Ent. 10/05/17 10:49:07    Pg. 4 of 8

the supporting declarations of Edmund J. Wood and Geoffrey Groshong, Richard L. Jones and Kovac & Jones, PLLC violated specific provisions of the Order for Disgorgement and Disallowance of Attorney's Fees of Special Counsel Richard L. Jones [Dkt. # 175] by failing to timely comply with the disgorgement obligations in the order.

VII. RELIEF REQUESTED

The Trustee respectfully requests the Court enter an order, in substantially the form attached as Exhibit A, finding Richard L. Jones and Kovac & Jones, PLLC in contempt of the Court's Order for Disgorgement and Disallowance of Attorney's Fees of Special Counsel Richard L. Jones [Dkt. # 175] and imposing sanctions on Richard L. Jones and Kovac & Jones, PLLC for the Trustee's fees and costs incurred in obtaining the order.

DATED this 5th day of October, 2017.

GROSHONG LAW PLLC

*/s/ Geoffrey Groshong*
Geoffrey Groshong
WSB No. 6124

Attorneys for Chapter 7 Trustee
Edmund J. Wood

TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS - 5

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 15-17388-CMA    Doc 205    Filed 10/05/17    Ent. 10/05/17 10:49:07    Pg. 5 of 8

In re Ben Holman McIndoe
Case No. 15-17388-CMA

# Exhibit A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

BEN HOLMAN McINDOE,

    Debtor.

Case No. 15-17388-CMA

**[PROPOSED]** ORDER GRANTING TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS

    This matter came before the Court on the motion of Edmund J. Wood, chapter 7 trustee for debtor Ben Holman McIndoe, for an order finding both Richard L. Jones and Kovac & Jones, PLLC, jointly and severally, in contempt of the Order for Disgorgement and Disallowance of Attorney's Fees of Special Counsel Richard L. Jones, and for an award of sanctions [Dkt. # ___]. The Court having read the motion, the declaration of Edmund J. Wood in support of the motion [Dkt. # ___], the declaration of Geoffrey Groshong in support of the motion [Dkt. # ___], the notice of hearing on the motion [Dkt. # ___], the Bankruptcy Noticing Center's Certificate of Service for the notice of hearing [Dkt. # ___], the proof of service filed by Trustee [Dkt. # ___], any responses to the motion, any replies in support of the motion, and the files and records herein; it appearing to the Court that notice of the motion is adequate and

ORDER GRANTING TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS - 1

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 15-17388-CMA    Doc 205    Filed 10/05/17    Ent. 10/05/17 10:49:07    Pg. 7 of 8

proper in the circumstances of this case; and that good cause exists to grant the motion; now, therefor,

IT IS HEREBY ORDERED, as follows:

1. The motion is granted.

2. Richard L. Jones and Kovac & Jones, PLLC, both jointly and severally, are found to be in contempt of the Order for Disgorgement and Disallowance of Attorney's Fees of Special Counsel Richard L. Jones [Dkt. # 175].

3. Sanctions against Richard L. Jones and Kovac & Jones, PLLC, jointly and severally, will be awarded to the McIndoe bankruptcy estate and paid to the Trustee. The Court shall rule on the amount of sanctions for the fees and costs incurred by the Trustee in obtaining this order at a future hearing.

/ / / End of Order \ \ \

Presented by:

GROSHONG LAW PLLC

_____

Geoffrey Groshong
WSB No. 6124

Attorneys for Chapter 7 Trustee
Edmund J. Wood

ORDER GRANTING TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS - 2

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 15-17388-CMA    Doc 205    Filed 10/05/17    Ent. 10/05/17 10:49:07    Pg. 8 of 8