Honorable Christopher Alston
Chapter 7
Hearing: April 19, 2019; 9:30 a.m.
Response date: April 12, 2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

In re:
BEN MCINDOE,

        DEBTORS

No. 15-17388

NOTICE OF HEARING ON THE DEBTOR'S OBJECTION TO CLAIM OF DEUTSCHE BANK NATIONAL TRUST COMPANY, CLAIM #4
(Combined with Notice of Hearing and Certificate of Mailing)

TO:    Clerk of Court; and

TO:    Deutsche Bank National Trust Co.
        As Trustee
    And Vanessa Power, and KC Harding, its Attorneys

YOU ARE HEREBY NOTIFIED THAT Ben McIndoe, the debtor herein, renotes for hearing the Debtor's Objection to Claim filed under ECF Docket No. 47, and incorporates the Objection filed therein. The objection was filed while the Debtor was in Chapter 11, and the case was converted to Chapter 7 shortly thereafter. The Chapter 7 trustee has not renoted the matter for hearing, and since the debtor has a vested interest in determining the amount of the claim or the allowance thereof, in that it affects the debtor's right to a homestead and homestead allowance, the Debtor hereby renotes the filed Objection for hearing.

Objection to Claim of the
Deutsche Bank #4

Page 1 of 3

VORTMAN & FEINSTEIN
929 108th Ave NE, Ste 1200
BELELVUE, WA 98004
(206) 223-9595
(206) 386-5355 (fax)

Ordinarily, the trustee prosecutes claim objections. "A debtor, in [his] individual capacity, lacks standing to object unless [he] demonstrates that [he] would be 'injured in fact' by the allowance of the claim." *Cheng v. K & S Diversified Invs., Inc. (In re Cheng)*, 308 B.R. 448, 454 (9th Cir. BAP 2004), *aff'd mem.*, 160 Fed.Appx. 644 (9th Cir.2005). There are "two recognized exceptions to the proposition that a chapter 7 debtor lacks standing to object to a creditor's proof of claim: **(1)** when disallowance of the claim would create a surplus case, with the excess amounts payable to the debtor; and **(2)** where the claim at issue would not be dischargeable." *In re Cherne*, 514 B.R. 616, 621 (Bankr. D. Idaho 2014), *aff'd*, No. 1:14-CV-00356-EJL, 2015 WL 5611586 (D. Idaho Sept. 23, 2015), *aff'd sub nom. Matter of Cherne*, 700 F. App'x 716 (9th Cir. 2017).

There are only two claims in this case, one for the debtor's prior counsel, which has been paid and the debtor expects to be withdrawn, and the Internal Revenue Service, for taxes owed by the non-debtor spouse, in the amount of about $81,000. However, the spouse is paying said claim on an installment payment agreement, and the amount of the claims over the last 3 years of this case has or should have been reduced significantly. (The parties are is dissolution proceedings, so the Debtor is not aware of the current status of her obligation to the IRS.)

The amount of the claim of Deutsche Bank is about $550,530 plus accruing interest. The Debtor's home is worth at least $650,000. If the claim of Deutsche Bank is defective, as outlined in the Objection to Claim noted herein, there would be a substantial surplus to the estate, not only over and above a homestead of $125,000 but several

Objection to Claim of the
Deutsche Bank #4

Page 2 of 3

VORTMAN & FEINSTEIN
929 108th Ave NE, Ste 1200
BELELVUE, WA 98004
(206) 223-9595
(206) 386-5355 (fax)

Case 15-17388-CMA    Doc 268    Filed 02/20/19    Ent. 02/20/19 11:13:13    Pg. 2 of 3

hundred thousand dollars in excess thereof.  The debtor has a vested interest in determining the amount of said claim.

A hearing on Debtor's objection filed under ECF Docket No. 47 is scheduled for **Friday, April 19, 2019 at 9:30**, in Courtroom 7206, 700 Stewart Street, Seattle, WA 98101. Unless a response is filed by the reply date set forth above, April 12, 2019, then the debtor shall present an Order disallowing the claim as set forth herein.

The Debtor understands that the trustee may have an offer on the home, and will be noting for hearing a sale thereof.  The Debtor requests that if a sale is approved and closed prior to the final determination herein of the claims of Deutsche Bank, that all proceeds from the sale remain in escrow and not be disbursed until a final determination is made herein.

Any creditor/claimant opposing Debtors' objection to claim should file a written response and/or objection with the Court and serve a copy on the undersigned a least seven (7) days prior to the scheduled hearing.  Proof of service:  this notice of hearing was served electronically via ECF on attorneys for the creditor, KC Harding and Vanessa Power; the Chapter 7 trustee and Trustee's attorney, and was mailed by first class mail to:

Deutsche Bank National Trust Company, as trustee,
Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

DATED this 20th day of February, 2019.

/s/ Larry B. Feinstein

_____
Larry B. Feinstein, WSBA #6074
Attorney for Debtor

Objection to Claim of the Deutsche Bank #4

Page 3 of 3

VORTMAN & FEINSTEIN
929 108th Ave NE, Ste 1200
BELELVUE, WA 98004
(206) 223-9595
(206) 386-5355 (fax)